Before we begin on this matter, it was brought to my attention that I, my name is somewhere in that record dating back a decade. I certainly don't have any recollection of this individual or the case, but if either side feels a need to question whether I should remain on the panel deciding this case, you're welcome to do so. You're free to file a motion addressing that, but you'll have to do it fairly quickly. I'll only give you until Tuesday to do it. Okay? All right. If we can call counsel for the appellant, step forward and introduce yourself. May it please the court, Jessica Arizo on behalf of Damon Toy. I hope I'm not speaking out of turn, but I just wanted to add specifically where Justice Garcia's name is in the record, it's in the PSI, involving a conviction for forgery in 2000, which I believe he was sentenced to two years by Justice Garcia. So that's specifically what was being referenced. Today I would be focusing my argument on the insufficient 401 admonishments as well as the denial of counsel at sentencing, but I would be happy to take questions on the other issues as well. Supreme Court Rule 401 requires substantial compliance, and here the court did not substantially comply with the rule. It requires that the judge in open court informs the defendant of certain things and determines that the defendant understands those things, namely the nature of the charge and the minimum and maximum sentences. If I could get right to something that happened. This particular trial was the second of a trial where Mr. Toy was representing himself. The first one resulted in a mistrial. And just shortly before this second trial, there was a two-page document that was handed to the defendant in open court. Now, that's not in the record. No, it's not. And we understand that that was our burden to obtain that document. Okay. Well, did you ever, did you have trouble locating it? Yeah. As far as I know, our office made efforts to attempt to find it, but wasn't able to. What about the state? Did you talk to the state about getting that two-page document? I don't recall exactly what efforts the paralegal department made, but I think they went through the normal channels. Well, does that have, what did they say it had on it at the time? Well, the state's attorney prepared the document. I believe they said that it had the charges and the sentences. However, even assuming, let's say because we didn't provide this document, let's assume that it was true, that it was correct. Yes. It's still our position that the judge did not do his job here. The judge did not have an interaction. What part of the rule that requires substantial compliance wasn't complied with regarding this defendant and his ability to knowingly and intelligently act as his own lawyer? It would be the part where the judge is required. We understand what the rule requires, but why would this defendant, given the history that he knows he's acted as his own counsel in the past, because let's say there was a lawyer present. A lawyer would simply get the document and it would fall on that individual to read it and understand it and raise questions. So here he is, Mr. Toye, acting as his own attorney, having done so once previously and successfully, I think, given that there was no conviction entered. Why do you think in this case there wasn't substantial compliance? I still think even though that other trial occurred and he represented himself there. This is a new proceeding. It's a completely new trial. I think the judge still has to have a discussion with him and make sure he understands. Didn't he have a discussion with him, though? No. Didn't he say, we've been through all of this. He was given all the charges on the previous case. He was also admonished as to the possible penalties. And he said, and then this is where this critical, crucial, vital two-page document is noticeably absent from the record. And believe me, I'd give the parties an opportunity to supplement. But I think it's vital that we have this, because whether the judge gave it to him or not, as I recall, there was a discussion about, let's be specific about this case. Nature of the charges and the penalties. And then he was given this paper. So if you want to, or the state, I really believe that either it works against you for not putting it in the record, and then it's almost like a waiver problem or forfeiture. Or we see it and then we decide whether this was sufficient for the judge, because apparently it's what the charges were and the penalties are in this two-page document. But even, as I said, even if it's correct, the judge never went over it. He said, here's the document. The next time I want you to ask any questions. So the record must have, is it a pro forma requirement that the record must reveal the judge reading what he's just given to the defendant, so that it's on the record that the defendant received it, as opposed to on the record that the defendant understands it and has an opportunity to ask questions about it. Well, we just believe that there needs to be a chance for the defendant to ask questions. And here he said, here's the document. I'll let you ask questions at the next court date. But the next court date, he wasn't allowed to ask questions. It was a completely different judge. They go up before the judge and the state's attorney says, Mr. Toye is representing himself. Who was the judge at the two-page document? Judge Simmons. Did Judge Simmons preside over the first trial that resulted in the mistrial? I believe so. Okay, so then Judge Obisch takes over? Right. So it was only a week later and Judge Obisch was now hearing the case? I think it was longer than a week had passed. But yeah, I think Simmons was no longer on the bench or something had happened where he was no longer on the bench and that's why it went to Obisch. And when you say he wasn't allowed to ask questions, are you saying that the judge ignored a question raised by the defendant? Because here the defendant is standing there as would counsel. And certainly you don't have to raise your hand to get permission to ask a question. You simply ask a question. And to the extent Mr. Toye is acting as his own attorney, that's what he's got to do. So what happened that you think he wasn't allowed to ask questions? Well, I have two points in response to that. First, I don't think that we're talking about a defendant who has not yet made a determination that he's able to waive his rights. The burden shouldn't be on him to have to come in and say, I don't understand, explain it to me. The burden should be on the judge under the rule to ensure that this defendant understands. Can we take judicial notice of whatever occurred in the first case? Are you talking about the admonishments that occurred there? His knowledge, his willingness, the fact that he acted as his own lawyer in the first case. I'm not sure that we have to actually get a copy of the transcript and have it before us, but the fact that he acted as his own attorney in the first case. Well, I mean, yes, I suppose you could take that into account that he did act as his own attorney, but that waiver should not carry over. There should still need to be an additional waiver. I think I cited a case where it was a jury waiver case. There was a demand for a new trial. There needed to be a second jury waiver. You can't have a second hearing. Okay, well, let me go back then to the record on this case. Now, this is when Simmons, just Judge Simmons, was presiding. And it says that they elected on the new case, the state. And then this is what happens. The trial court asked, does defendant still intend on representing himself? Defendant answered, this is in front of Judge Simmons now. But the case has now been, the other case was mistried, declared a mistrial without prejudice. Defendant answered, yes, I do. The prosecutor said that they would file a document advising him of the particulars of the charges and all potential sentences. The trial court said, well, I believe I did that earlier. Defendant said, yes, you did. The case was continued. Then on October 12th, this official notice of the charges and the punishments and possible penalties was presented in open court. I still would like to see that. Then the trial court said, this is Judge Simmons again. All right, it is a two-page document. Defendant will be provided with a copy of that. Now, the judge then says, and please make sure you read that and review that if you don't understand anything. And we've been through part of this. You're arguing he never had an opportunity. But this is Judge Simmons now who has asked him in open court, are you going to continue representing yourself? And he says, yes, I am. Now, just going a little further before we get to this, on the next court date there were various things mentioned, but the defendant didn't talk about, you know, he didn't have any questions. But then we have a long stretch of time where he did pre-trial motions, discovery, and continuances where he was representing himself. So, I mean, what would you, and then there was that break where he wanted to have assistance of counsel to cross one of the state's witnesses. And the judge said, if you no longer want to be representing yourself, you're going to have appointed counsel. You need to tell me that. You can't ask for a lawyer to come in and just do a little bit of piecemeal. Part of the case, that's not going to happen. You've gone through an extensive amount of questioning basically by Judge Simmons asking that you were capable and wanted to represent yourself. You can't have a little bit of all of a lawyer. You either have a lawyer who represents you or you represent yourself. That's your choice. Now, the judge was telling him he wasn't going to, you know, let him have a lawyer for this one little part. And then the defendant said, I choose to represent myself, Your Honor. I guess what I want to get to is, all right, we've got a defendant who's represented himself out of one trial. And now he's going to be, there's a new trial. And the judge has indicated, are you still representing yourself? And he says yes, and then he's given everything. So is that not enough? Well, I don't think he was given everything. I mean, he may have been given this document, but he wasn't given the benefit of candor with the judge. It's the conversation with the judge about the issue he was facing. Now, these sentences in this case were complicated. And the initial admonishment before the first trial was, here's what you could get in all of these cases together. You know, here you are, it's 55 to 202 years. This is one trial not least facing. It's complicated. There are issues of consecutive sentencing. There are issues pertaining to add-ons due to the firearm. And there should have been some discussion about whether he really understood what he was facing here at this separate trial because he wasn't given the same kind of conversation that he had prior to that other trial. Well, now on this firearm add-on, that's why I really would be curious to know what was in that document. But he's charged. Isn't the state required to give him notice that they are seeking to charge in the indictment? Right. And, I mean, like I said, it's not a matter of we don't know if it was correct information that they gave him. But assuming it was correct, we still have to make sure he understands that it's correct. I mean, it's complicated and they should have discussed it with him specifically. Well, what do we do with the fact that you didn't put this document in the record? Well, even if you do believe that, you know, we have waived the consideration of whether or not it was correct, I think this court can still address whether. Assume it's correct because it's our error. Assume it's correct. Is that enough to just have this paper and not have a conversation with him to see if he understands it and, you know, determine that he understands what's going on. All right. Then what would be your best case for us to look at that would suggest that, you know, this tendering of the nature of the charges and the penalties isn't enough, that there has to be some sort of a dialogue? Well, unfortunately, we didn't have any specific cases on point. What would you say would be the best one you think? Well, I mean, it's more, I would say it's more about, you know, I guess it's whether you think this, are you just saying that the paper's not enough aside from what happened at the first trial? You're saying that just the paper's not enough? Is that what you're asking? Well, no, I'm asking that here we have a person who's already tried a case by himself. We have the judge telling him, asking him, do you want to represent yourself on the next trial? Now, this is the judge, mind you, that actually already went through the whole trial with him. This is still Judge Simmons. Right. And he says, do you still want to proceed by yourself, pro se? He says, yes, I do. And he says, we're going to get you, now we're going to get you the actual charges on this case and the penalties, and he's tendered that in open court by the judge. Right. Well, I mean, as far as the fact that there should have been new admonishments, that just saying, do you still want to? What's your best case? Best case on that would be, I guess, I mean, we didn't cite a whole lot of cases because there weren't a lot. I guess just an interpretation of the rule, what the rule requires, and that didn't happen here. I think the Stoops case talks about how prior admonishments. What about the Supreme Court case? Haynes or Hayes, what's that? Hayes. Hayes. What about that case? I don't recall that. Well, they said that, you know, telling him what the charges were and the penalties was, it was before the actual date. They said that was sufficient. And they said it's not strict compliance, but substantial compliance. Right. We understand it's substantial compliance. What about the sentencing? Okay. Moving on to sentencing. Obviously, sentencing is a critical stage where an attorney should be provided should the defendant want it. Now, here, after trial, he said that he wanted an attorney, and he was given the public defender. By the time that they got to sentencing, he had no longer wanted that particular public defender because he raised his ineffective assistance. Hold it, hold it, hold it. How can he raise ineffective assistance of counsel regarding the post-trial proceedings? I mean, what? Well, he was upset that he felt that the attorney either hadn't read the transcript or didn't understand the trial. And he felt the motion that the counsel provided brought up this weird sort of hypothesis of what may have happened at trial that had no basis in fact or evidence at the trial. And he was upset by that. He felt that the attorney wasn't working for him. He wanted that attorney no longer to be on his case. He never specifically said, I don't want an attorney for sentencing. Does he get a choice of lawyers? Is that what you're arguing? Well, I'm arguing that he should have at least been able to have an attorney for sentencing, but be that the private attorney that he said his family was working for. What if the judge says, Mr. Toye, I'm denying your request to replace counsel, I'm leaving that counsel in his spot as your attorney? Do you think Mr. Toye would have accepted that? He probably wouldn't have, but it would have been better than what he ended up with. So what is the judge to do? Well, the judge had several options. The judge could have determined whether or not he thought the public defender was doing a good job. He could have held some kind of crankle hearing to see if he was acting. Whose burden is it to ask for a crankle hearing? Or to at least show enough that an inquiry should be made by the trial judge to determine whether or not further inquiry is needed? Well, he's asking, he doesn't want to represent himself anymore. He shouldn't be burdened with having to act as his own attorney. Well, maybe he has a lawyer, though. But he's complaining of that attorney's effectiveness. Wasn't this his pattern? This is somewhat akin to error being created by counsel and then using that error to seek relief on appeal. Mr. Toye created this problem that he now faces, and there's no one but him to be held responsible. I mean, didn't he abuse the attorney? Call the attorney names? Threaten the attorney? I don't recall if he threatened him, but he did use verbal abuse. Didn't he do the same thing with the judge? Throw the file at the judge? Hit him in the head with it? Call him names? Call everybody names? For which he received a contempt finding. Isn't that his modus operandi to be abusive to everyone? Because a defendant might be abusive to the court because he's a very unpleasant defendant. Does that mean that he then loses his right to counsel? If that's what he wants, if that's what he voices, and that's what he said. He never said that he did not want an attorney for something. He doesn't get a choice. Are we opening up a wide cavern if we're going to tell judges that this public defender isn't good enough? Now you should appoint another public defender? No, we're not saying that he should have any choice of any public defender. Isn't that what we'd be doing in this case? Wasn't this a brand new public defender for sentencing? I believe it was. He doesn't like that lawyer. Now should the court have to appoint him another public defender? The court could have allowed him to have one continuance that he asked for to get a private attorney. You don't get a private attorney unless you can demonstrate that you can hire a private attorney. But they never asked him. But whose burden is it? It is his request for a private counsel. He's got to say, Judge, I have the money to hire a private counsel. I'm ready to do so. I'm asking for a continuance. Maybe the judge would have said, How much money do you have? Do you think it's reasonable that you could hire someone? Do you have someone in mind? He said on the record. I'm going to ask you to wrap up. You'll get a couple minutes, but you can go ahead and conclude. Okay. I'd just like to conclude that he did not waive his right to an attorney at sentencing, and he should have had an attorney at sentencing. Because he didn't, the sentencing hearing went very badly. The state presented multiple witnesses. He admitted that he had no idea what he was doing. Again, the press requests counsel during sentencing, which was also denied. So I just ask that this court either reverse and remand for a new trial or for a new sentencing hearing. All right. Thank you very much. Good morning, Your Honors. May it please the Court, I am Assistant State's Attorney Sarah Phillips, and I represent the people of the state of Illinois. Your Honors. Have you argued here before? I have not. Well, welcome aboard. Thank you. Glad to be here. Good luck on your first argument. Let me be the first to ask you a question, then, Ms. Phillips, because, and I know you weren't the counsel at the trial, but let's say there had been an attorney representing Mr. Toye, and your office wants to file a document or wants to file a motion. And you give counsel a copy of that motion, but doesn't it fall on you, your office, the moving party, the party that wants to be assisted by what it's filing, to make sure that that document, a copy of that document, gets into the record. So it's your office that sought to give Mr. Toye something that would benefit your office to make sure that Mr. Toye had all this knowledge, and yet your office did not provide an additional copy for the judge or the record. And I'm not so sure that it should fall on the defendant the burden of completing the record in this instance. Maybe it's really your office that fell short. Your Honor, the people would maintain that it is the defendant's burden to provide a complete record for this court's review. So what is Mr. Defendant to do, read it and then submit it for the record? I mean, doesn't he get a chance? And if he gets to keep a copy of that document, why don't you give him two and then he'll give one to the court to make sure that it's in the record. But I think you're asking a bit much. Your Honor, on October 12, 2006, as Your Honor has pointed out, defendant was tendered in open court a two-page document. This document, the state did recover that document in preparation for oral argument. It is file stamped October 12, 2006. It was part of the record, wasn't it? It just wasn't included in this record. In other words, it was part of the trial record and it was obtainable by the defendant. And it wasn't made part of the record. Yes, Your Honor. The people – And you have it now? Yes. Well, I'm going to ask you to supplement the record on appeal with the document. Yes, Your Honor. Is there any objection from Mr. Toit's counsel? Ms. Rizzo, are you objecting to that? No, Your Honor. All right. So we'll have it then. The people will supplement the record with that document. However, the record is clear that this two-page document was tendered in open court to a defendant and the trial court acknowledged this receipt and acknowledged this tendering. And as Your Honor has pointed out, the trial judge told the defendant to review this document, which he had in his hand, which the people would submit is better, goes beyond oral admonishments, which the rule does not prescribe any particular form that these admonishments must be in. So not only – Did it make a difference that it came from your office as opposed to the judge? Because the rule references the judge and not your office in terms of admonishing a defendant regarding what he should know before he decides to proceed pro se. Well, Your Honor, I think the judge was definitely involved in this process. And as you pointed out, in the case that ended in the mistrial, the defendant was admonished on all of the counts here. He was admonished verbally. He was also tendered a two-page document from our office on that trial. Are the original documents in the record? Those are missing too, aren't they? Yes, Your Honor. Those are missing as well. But the trial court was involved in this process in the tendering of this document and told the defendant to review it and come back on the next court date with any questions that he might have about these sentences. Well, he was given a copy of every charge, wasn't he? Yes, Your Honor. And, well, the indictment in this case is in the record. So we can presume that that was one of the documents that he was given initially. Yes, Your Honor. On October 31, 2005, on the initial case, which also included the indictments on the instant matter, defendant was tendered a copy of the four separate indictments and the list of possible sentences. So he was tendered the nature of the charges and the sentences. And it is our position that defendant knowingly and intelligently proceeded pro se and was found guilty in May 2006 after he proceeded pro se by the jury. And, Your Honor, Justice McBride, you did bring up that there were two different judges here in this case. Well, I knew there were two different judges, but I wasn't aware when the transition took place. Yes, it is slightly unclear in the record. But when that two-page document was tendered, it was by Judge Simmons. About three weeks later, Judge Obisch. Correct. And Your Honor read an important piece in the record when the defendant requested counsel on a pretrial date, requested counsel for help with cross-examination. And Judge Obisch stated, you've gone through an extensive amount of questioning, basically by Judge Simmons, assisting that you were capable and wanted to represent yourself. Was this during the trial or was this during one of the motions? This was during one of the pretrial motions. So it's clear that Judge Obisch knew of the admonishments that Judge Simmons gave to this defendant. It's obvious from the record there. What about the sentencing? He asked for a time period to get a private attorney. Well, Your Honor, after the defendant was found guilty in May of 2007, he made a motion to postpone the sentencing date. And thereafter, there were several continuance dates. But on that next date, after he made a motion to postpone sentencing, he requested a public defender. And a public defender was appointed to defendant. Therefore, defendant's argument that the trial court refused to allow him to revoke his waiver is completely inaccurate. He was appointed a public defender. It's what happened after that. And we need to look to the overall context to discern why defendant was not represented at sentencing. And that is because defendant's conduct, abusive nature, contemptuous conduct, violent and vindictive nature, the State would submit, proved that he waived his counsel again and then knowingly and intelligently proceeded pro se. And this is obvious when there was discrepancies between the defendant's pro se motion for new trial and his public defender's motion for new trial. Does it matter as far as this add-on, firearm, that the defendant be advised that he's subject to an extra 15 years if the jury finds that he was armed with a firearm during the course of a sexual assault? Yes, Your Honor. The people would submit defendant had copies of the indictments and was advised that the indictment doesn't say that he's subject to an extra 15. Then in the two-page document where it outlines the counts, it does show that defendant faced up to 45 years on these counts. Is that what it says? Does it talk about a 15-year add-on? No, Your Honor. It does not. It says he's subject to 45 on each offense. Your Honor, one moment. I mean, we don't have this document. He could do the arithmetic. Yes. If it's up to 30 on the normal charge, then it's an additional 15 for them. And the people would submit that the jury heard evidence on this firearm. Now, what do you respond to the suggestion that the firearm, since it wasn't there or since it wasn't produced or part of the evidence at trial, that he can't be subject to the firearm enhancements? The people would disagree. A similar issue is currently pending before the Supreme Court in People v. Washington. The people argued that in September, and that's an imminent decision. What does Washington give us a brief rundown of those facts? Was it a published decision, Washington? It's still pending, Your Honor. No, no, no, on the court. Oh, excuse me. It was. Or was it a Rule 23? I believe it was a Rule 23, Your Honor. In Washington, it's similar facts here. We have a. . . I don't know that we can get into a Rule 23 if we don't, if it was never published. And you're getting those facts from the Rule 23, or you're not getting it from anything pending before the Supreme Court, except maybe your own briefs. Well, your briefs are on file, aren't they? Yeah, but I don't know if that should, you know, counsel would be obliged to then review that. Yes, and I can argue past that, Your Honor. We would submit to counsel. Defendant relies on People v. Ross, and that is not dispositive in this case here. In People v. Ross, it was proved that the gun that was recovered was a pellet or BB gun. And here we did not have a gun that was recovered. Defendant approached the two victims with a gun. The victims credibly testified that it was cupped in his jacket. It had the barrel out. There was no doubt it was a gun. I'm sorry, but forgetting the facts in this Rule 23, what is the issue before the Supreme Court regarding, does this have anything to do with a pro se defendant and the firearm add-on? No, Your Honor. For being advised in advance of the add-on? No, not on that particular issue. What is the issue? The issue there is whether or not the evidence proved that the defendant carried a dangerous weapon. It's the sufficiency of the evidence. Correct. Let me ask you regarding the rule. Now, we understand what the rule requires pre-trial. It requires a great deal of information. Is there a more restrictive or is the substantial compliance a lot less when the waiver of counsel occurs post-trial? I mean, it doesn't make any sense to advise the defendant, or maybe it does make sense, to go over the same information that the judge would have been required to do pre-trial. Because here we got he's appointed counsel, then he rejects counsel, goes pro se. This is all at sentencing. Yes. Should the rule be read as requiring as much post-trial as it should pre-trial? Well, Your Honors, the people would submit that defendant's conduct here prevented the trial court from readmonishing the defendant, which is required as this court is aware of people v. Cleveland. Readmonishing the defendant when he waives counsel for a second time is required, and that is what the trial court attempted to do here. And the trial court accommodated the defendant in every manner. Well, what do you mean the court was prevented from readmonishing him? Well, Your Honor, after the defendant told the court that he wanted to relieve his public defender, the trial court and the defendant stated, as a matter of fact, I would like to leave the public defender of all responsibility, and if I have to go pro se and fire the public defender again, then that is exactly what I'm willing to do. Thereafter, the trial court sought to tell the defendant that he has a right to an attorney at no cost and begin these admonishments again when the defendant launched into a number of profanities and obscenities and abuse of nature at his public defender. Is that the notebook-throwing part of the hearing, or no? No, Your Honor, that is not. That was the trial court's response. He brought the defendant back after, on that last court date, he told the trial court to F you, and it ended there. On the next date, he talks about you have the right to an attorney free of charge. That was, on the next date, to respond to the trial court brought him back to make sure he was acting a bit more rationally, and the defendant refused to answer any questions, instead making a number of frivolous motions and inappropriate procedural attempts. Therefore, the trial court found that the defendant's conduct was showing that he was proceeding pro se. So what was insufficient about that admonishment? There was nothing insufficient about it, Your Honor. It was clear that the defendant was proceeding pro se, and this was a knowing and intelligent waiver, and it's clear that his conduct was accommodated by this trial court here in every which way. Your Honors, People v. Johnson, the 1987 Supreme Court case, is extremely instructive on the case here. There we have a defendant who also used dilatory tactics to prevent and delay sentencing, and the Supreme Court stated that, recognized that it is important for the defendant to have his right to counsel, but a defendant cannot abuse that right and thwart the administration of justice or embarrass the effective prosecution of crime. And as Your Honors pointed out, the defendant here had unclean hands, and he chooses to benefit from an alleged error of the trial court, which he invited through his very own contemptuous, abusive conduct. And the people would request that this court affirm the defendant's convictions and sentences. For those reasons and the reasons contained in the people's brief, we would ask you to do so. Thank you, Your Honors. All right. Thank you very much. Mary Brifde? Yes. Regarding sentencing, as I stated earlier, the defendant never said that he wanted to go pro se for sentencing. He never said that. Well, does he have to use those words, or is it enough to say that I am not, I no longer want this lawyer who's representing me now? Well, he also said he wanted an attorney. Isn't that the same thing? It's not the same thing. He also said that he wanted a continuance to get an attorney. He also said during the sentencing hearing, interrupted his own cross-examination saying, I need an attorney. Even the public defender, you know, anything, help me, I don't know how to conduct a sentencing hearing. The substantial compliance with the rule, do you, is it your contention that it wasn't substantially complied with for sentencing either? Well. Or is there something to state's argument that he prevented it from being? Well. Can a defendant prevent a judge from substantially complying with a rule? I don't know of any cases that say that the defendant's conduct can somehow. How do you distinguish Johnson? Isn't that what they said? Well, Johnson was a pretrial case, I believe. I don't think that was for sentencing. I think it's sort of different if you're trying to delay trial as opposed to delay sentencing. I mean, he's not on bond. Didn't the judge here consider this another delay? He said that you filed your motion for a new trial months before you fired this public defender. He did find that it was a delay. But here, I don't believe that it was. I believe he really knew. I mean, in his sentencing, the only thing that he said in his elocution was, I know that I shouldn't have represented. The only mistake I ever made was representing myself at this trial. He knew that he couldn't handle sentencing on his own. He knew that he couldn't do it, and that's why he needed an attorney. But he did have an attorney, and then he didn't like that attorney. Well, that attorney was for the motion for a new trial, and he did not have an attorney for sentencing. Yes, but he had that attorney, and he said he didn't want him any longer, right? Because he felt that he was being ineffective. Yeah. All right. Are there any other questions? With that, I would just ask that this Court reverse the remand for a new trial or a new sentencing hearing. Thank you. All right. Thank you, counsel. The case will be taken under advisement.